UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO.  2:06-cr-33-FtM-33SPC

OLIVER O'SULLIVAN
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion to Perpetuate Testimony (Doc. # 171), which was filed on March 25, 2008.  The government filed a response in opposition to the motion on March 27, 2008 (Doc. # 172).  For the reasons that follow, Defendant's motion is due to be granted.

Defendant's case is set for a retrial on May 21, 2008. Defendant seeks to depose Terrance A. Royes in order to perpetuate testimony under Rule 15 of the Federal Rules of Criminal Procedure. In essence, Defendant asserts that Royes is an essential defense witness whose testimony is material and that Royes is likely to be deported to Jamaica prior to Defendant's retrial, rendering Royes' unavailable to offer live trial testimony.  The government, on the other hand, asserts that Royes is unlikely to be deported prior to the retrial and thus, Royes will likely be available to offer live trial testimony.  This Court will address these arguments and others in turn.

**I.    Analysis**

The taking of depositions in criminal cases is generally disfavored, and the only authorized purpose of depositions in criminal cases is to preserve evidence, not to afford discovery. United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir. 1993)(citations omitted).  The Eleventh Circuit explains, "The primary reasons for the law's normal antipathy toward depositions in criminal cases are the factfinder's usual inability to observe the demeanor of deposition witnesses, and the threat that poses to the defendant's Sixth Amendment rights." Id. at 1552.  However, as recognized by the Eleventh Circuit, "the Federal Rules of Criminal Procedure expressly authorize parties to take depositions and use them at trial, when doing so is necessary to achieve justice and may be done consistent with the defendant's constitutional rights." Id. at 1551.  The Rule referenced by Drogoul is Rule 15(a)(1) of the Federal Rules of Criminal Procedure, which  provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

The Eleventh Circuit addressed the specific requirements of Rule 15 of the Federal Rules of Criminal Procedure in United States v. Ramos, 45 F.3d 1519 (11th Cir. 1995), noting, "Rule 15 permits

a district court to authorize a deposition in a criminal case when exceptional circumstances exist." Id. at 1522. The Eleventh Circuit determined that district courts should evaluate three factors when deciding a Rule 15 motion as follows: "whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) counterveiling factors render taking the deposition unjust to the nonmoving party." Id. at 1522-1523 (citing Drogoul, 1 F.3d at 1554). The movant bears the burden of showing that extraordinary circumstances exist, and a district court's decision on the matter will be disturbed only for an abuse of discretion. Drogoul, 1 F.3d at 1552.

In this case, Defendant as movant, asserts, among other things:

> Royes is a witness in this case, and his testimony is essential to the Defense. At the time of Mr. O'Sullivan's involvement in this case, Mr. Royes was charged with making the arrangements for the transportation of the illegal contraband. It was the government's theory during the last trial that Mr. Royes made those arrangements with Mr. O'Sullivan. Mr. Royes is an essential witness for the defense, as he can establish that he had never met Mr. O'Sullivan prior to the date of this offense, and was not previously involved with him in any way. Mr. Royes's testimony will refute the government's theory.

(Doc. # 171 at 1).

### A. Unavailability

This Court must determine whether Royes is "unavailable" to testify at Defendant's retrial. It is not disputed that Royes "is currently scheduled for a removal hearing on April 11, 2008, in Orlando, Florida." (Doc. # 172 at 1). As explained by the government, "the removal hearing is the result of Royes being placed in deportation proceedings by Immigration and Customs Enforcement Agent Kathy Dellane Mangone following the investigation in the instant case." (Doc. # 172 at 1). Defendant contends that "the likely outcome of the hearing on April 11, 2008, will be an order of deportation, making Mr. Royes' live testimony at trial impossible." (Doc. # 171 at 2). The government seems to agree that an order of deportation is likely, however, the government asserts that the order of deportation "does not end the process" and that Royes will likely file an appeal because he fervently desires to stay in the United States "because of his daughter." (Doc. # 172 at 1). Thus, the government argues, "Because Royes would remain on bond pending the ultimate outcome of the removal hearing if an appeal should be taken, Royes would be available as a witness." (Doc. # 172 at 1).

This Court determines that Royes is unavailable to offer live testimony at Defendant's retrial under the present circumstances. Both parties assert that Royes is likely to be ordered deported on or as of April 11, 2008. Though the government posits that Royes

will likely file an appeal and be permitted to stay in the United States on bond, there is no certainty that Royes will file the appeal should a deportation order issue.  While there is a possibility that Royes will file an appeal should the deportation order issue, it would be improper for this Court to deny Defendant the opportunity to depose Royes, a witness Defendant classifies as "essential," based on the government's speculative arguments concerning Royes' motivations and future conduct.  Accordingly, this Court finds that Royes is unavailable to offer live testimony at Defendant's retrial.

### B. Materiality

The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case.  <u>Drogoul</u>, 1 F.3d at 1552 (citations omitted).  Defendant asserts that Royes' deposition testimony is material because Royes will testify that he had not yet met the Defendant as of the date of the offense in question, which would "refute" the government's theory of the case.  It does not appear that the government contests the materiality of Royes' testimony.  Accordingly, this Court finds that Royes' testimony is material to Defendant's defense.

C.   **Injustice to the Government**

This Court may deny a Rule 15 motion if the non-moving party is able to demonstrate that the requested deposition will cause injustice. A non-moving party bears a high burden on this issue. As stated in Drogoul, "The ultimate inquiry is whether exceptional circumstances exist and whether it is in the interest of justice to allow the depositions to be taken. When a substantial likelihood exists that the prospective deponents will be unavailable for trial and their testimony is highly relevant to a central issue in the case, justice generally requires preservation of that testimony." Drogoul, 1 F.3d at 1555.[1]

---

[1] The procedural history in Drogoul is remarkable. The defendant was charged with wire fraud, conspiracy, and making false statements to government agencies in a 347-count indictment. 1 F.3d at 1549. The defendant entered a guilty plea which was later withdrawn with leave of court. Id. at 1550. Thereafter, the government sought to depose 13 Italian nationals under Rule 15 of the Federal Rules of Criminal Procedure. Id. The trial court denied the Rule 15 motion, finding that the government failed to demonstrate that the Italian nationals were unavailable. Id. The government obtained declarations from a number of the Italian nationals asserting that they were unwilling to testify in the United States, among other evidence, and the government filed a motion for reconsideration of the denial of the Rule 15 motion. Id. The trial court denied the motion for reconsideration, and the government appealed. Id. The Eleventh Circuit reversed the trial court. Id. On remand, the trial court once again denied the government's Rule 15 motion, holding that the government failed to show that the deposition testimony would meet constitutional standards and questioning the accuracy of the translation of the Italian testimony and the opportunity for defendant to engage in meaningful cross examination. Id. Further, the trial court determined that the Rule 15 motion would cause injustice due to the delay in the case caused by the depositions. Id. at 1551. The government again appealed the trial court's decision, and the

6

In this case, the government has not presented any arguments tending to show that the requested deposition of Royes would cause it to suffer any prejudice or injustice.

This Court determines that Defendant would suffer extreme prejudice absent the preservation of Royes' testimony via deposition as requested.[2] "Rule 15 was designed to facilitate the preservation of testimony which may be needed to guarantee the deposing party a fair trial." Drogoul, 1 F.3d at 1557. As Defendant has demonstrated Royes' unavailability and the materiality of his testimony, and because there is no indication that Royes' deposition would cause the government an injustice, it

---

Eleventh Circuit again reversed the trial court. The Eleventh Circuit found that the defendant's right to confrontation under the Sixth Amendment would be preserved by defendant and his attorney traveling to Italy at the government's expense. Id. at 1555. Further, the Eleventh Circuit determined that the trial court's misgivings about the translation of the Italian testimony were premature: "until the depositions are taken and translated, and an objection lodged, it is sheer speculation that the translation will pose a problem in this case." Id. at 1554. Last, the Eleventh Circuit ruled that a potential delay in the trial could not, alone, justify the denial of the Rule 15 motion: "Setting forth a per se rule against delay in the face of this crucial testimony is an abuse of discretion." Id. 1556.

[2] This Court is also guided by the Court's admonition in United States v. Valenzula-Bernal, 458 U.S. 858, 872-875 (1982), that sanctions may be imposed on the government for deporting a witness if the criminal defendant makes a plausible showing that the testimony of the deported witness would have been material and favorable to his defense in ways not merely cumulative to the testimony of available witnesses. (citations omitted). See also United States v. Schlei, 122 F.3d 944, 983 (11th Cir. 1997) (discussing the possibility of sanctions predicated upon deportation of material witnesses in criminal cases).

is appropriate to grant Defendant's motion to perpetuate Royes' testimony under Rule 15 of the Federal Rules of Criminal Procedure.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED**:

Defendant's Motion to Perpetuate Testimony (Doc. # 171) is **GRANTED**.

**DONE** and **ORDERED** in Ft. Myers, Florida, this 2nd day of April 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record