```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

v.                                    CASE NO.   2:06-cr-33-FtM-33SPC

OLIVER O'SULLIVAN
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion for a New Trial or, Alternatively, Motion for Evidentiary Hearing (Doc. # 235), which was filed on June 4, 2008. The Government filed a Response in Opposition to the Motion on June 18, 2008. (Doc. # 236). For the reasons that follow, the Motion for a New Trial or, Alternatively, Motion for Evidentiary Hearing is due to be denied.

Defendant seeks a new trial or, in the alternative, an evidentiary hearing in the "interests of justice" on the basis of the Government's rebuttal witness Carlos Mulet. (Doc. # 235 at 4).[1] Specifically, Defendant contends that the Government failed to disclose the identity of Mr. Mulet to Defendant and also asserts that Mr. Mulet perjured himself on the stand.

As to the Government's failure to disclose Mr. Mulet, it is

---

[1] Defendant also "renews all objections raised in his written motions and stated during the trial" (Doc. # 235) and asserts that a new trial is warranted on the basis of such written motions. This Court addressed each of Defendant's written motions either prior to or during the trial, and this Court will not revisit each written motion absent a specific argument tailored to Defendant's motion for a new trial.

clear that such disclosure was not required. The Eleventh Circuit plainly stated in <u>United States v. Frazier</u>, 387 F.3d 1244, 1269 (11th Cir. 2004), "Our case law establishes that, consistent with the plain language of the Rule [Fed.R.Crim.P. 16(a)(1)(G)], the government's presentation of rebuttal testimony without prior notice does not violate Rule 16, since the Rule's notice requirements apply only to the government's case-in-chief." <u>Id.</u> at 1269. Further, the Court held in <u>United States v. Windham</u>, 489 F.2d 1389, 1392 (5th Cir. 1974), that "[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements." Defendant's argument that the Government improperly failed to disclose Mr. Mulet is without merit as Mr. Mulet qualifies as a Rule 16 rebuttal witness.

Defendant also contends that Mr. Mulet perjured himself on the stand. Defendant specifically argues:

> O'Sullivan's theory of the case was completely undercut by the government's calling of Mr. Mulet as an undisclosed, rebuttal witness. The government proffered to this Court Mr. Mulet's exact testimony, even though Mr. Mulet had testified that he had never spoken to the government's representatives (other than to get driving directions). It is simply not possible that the government could have proffered as to the very specific information only known by Mr. Mulet without the government not first learning that information from Mr. Mulet. Although it was obvious that Mr. Mulet had (mistakenly or untruthfully) testified that he had not spoken with the government's representatives, the government's ability to proffer his specific testimony leads to the logical conclusion that, among other things, Mr. Mulet perjured himself to this Court and the jury.

(Doc. # 235 at 3-4)(emphasis omitted).

The Government's response to Defendant's motion squarely acknowledges the very problem that Defendant raises with Mr. Mulet's testimony.  The Government is able to explain the apparent problem, and based upon the Government's thorough response, this Court determines that a third, new trial is not warranted in this case.

The Government points out, "While Mr. Mulet testified that he had not spoken with anyone about his testimony, the undersigned re-directed Mr. Mulet who then understood the line of questions and confirmed that he had spoken with the undersigned prior to testifying.  Furthermore, Mr. Mulet acknowledged that he had spoken with someone, believed to be Investigator Lazzizzera, earlier that week regarding the cellular telephone in question." (Doc. # 236 at 5).

In addition, the Government aptly points out that the same problem came to pass when Defense witness Michelle Dawson took the stand. Specifically, "when defense witness Michelle Dawson was questioned by the undersigned regarding the same subject matter (speaking with someone about trial testimony), Ms. Dawson initially denied talking to anyone about her testimony.  However, after re-direct by counsel for defendant, Ms. Dawson acknowledged that she had been spoken [sic] with someone from the Federal Public Defender's Office and was provided with questions regarding her anticipated testimony." (Doc. # 236 at 5).

3

While the government and the defendant face different burdens at trial and have different objectives, rules regarding perjury apply across the board.  In this case, both witnesses Dawson and Mulet answered in the negative when initially asked whether they had spoken to anyone regarding their testimony and then clarified their answer regarding speaking to others about their testimony on re-direct.  Appropriately stated by the Government, "in the cases of Mr. Mulet and Ms. Dawson, the jury was free to assess their credibility and assign what weight, if any, to their respective testimony." (Doc. # 236 at 5).

This case underscores the important role that redirect plays in the adversarial system.  Both the Government's rebuttal witness and Defendant's witness provided mistaken testimony regarding the extent of their discussions with others about their testimony, but both witnesses clarified their answers upon redirect examination. There was no prejudice to Defendant.  The jury was able to view the manner in which both witnesses elaborated on the issue in question and make appropriate credibility determinations.

In <u>Shotwell Manufacturing Co. v. United States</u>, 371 U.S. 341 (1963), a case often cited for its commentary on coerced confessions, the Supreme Court also determined that a convicted defendant is not entitled to a new trial merely on the basis of a "subsequently discovered inaccuracy in the testimony of an important trial witness which may have affected his credibility in

the eyes of the jury." Id. at 357.  The Supreme Court drew a distinction between cases "where a conviction may be regarded or is conceded to have rested on perjured testimony" and cases with mere inaccuracies in witness testimony. Id. at 357.  In the present case, the inaccuracy of both witnesses' testimony concerned whether they discussed their testimony with others prior to taking the stand, and the inaccurate statements were immediately addressed on redirect examination.  This is not a case where Defendant's conviction was procured by perjury.  The inaccuracy complained of by Defendant was not the basis of Defendant's conviction, and there was no prejudice to Defendant.

Defendant's motion is without merit.  This Court is not convinced that Mr. Mulet perjured himself on the stand, and further is not convinced that a new trial or an evidentiary hearing is required on the grounds asserted by Defendant.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED:**

Defendant's Motion for a New Trial or, Alternatively, Motion for Evidentiary Hearing (Doc. # 235) is **DENIED**.

**DONE** and **ORDERED** in Ft. Myers, Florida, this <u>22nd</u> day of August 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record